UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD R. BLOCK,<br><br>           Plaintiff,<br><br>           v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>           Defendant. | Case No. CV 04-10299 AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are undisputed. [JS 2]. Plaintiff filed an application for disability insurance benefits on December 11, 2001, alleging disability since February 27, 2001, due to complications of AIDS (Acquired Immune Deficiency Syndrome). [JS 2]; Administrative Record ("AR") 98]. After his claim was denied initially and upon reconsideration, a hearing was conducted on April 15, 2003, by Administrative Law Judge James A. Paisley (the "ALJ"). In a written hearing decision dated May 22, 2003, the ALJ found that plaintiff had severe

1  impairments consisting of AIDS with chronic diarrhea, fatigue, non-insulin dependent diabetes
2  mellitus, neuropathy, hypertension, status post thyroidectomy, and possible somatization and
3  dysthymic disorders, but that his impairments did not meet or equal a listed impairment. The
4  ALJ determined that plaintiff retained the residual functional capacity to perform a restricted
5  range of light work, and that his RFC precluded performance of his past work as an accounts
6  manager, instructor, and sales account executive.  The ALJ concluded that plaintiff was not
7  disabled because he could perform alternative work available in significant numbers in the
8  national economy. [AR 19-20]. The Appeals Council denied plaintiff's request for review of that
9  decision, which stands as the final decision of the Commissioner. [JS 2; AR 5-6].

**Standard of Review**

11  The Commissioner's denial of benefits should be disturbed only if it is not supported by
12  substantial evidence or if it is based on the application of incorrect legal standards. Ukolov v.
13  Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th
14  Cir. 2002).  Substantial evidence is more than a mere scintilla but less than a preponderance.
15  Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954.  Substantial
16  evidence means "such relevant evidence as a reasonable mind might accept as adequate to
17  support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New
18  York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954.  The court is required
19  to review the record as a whole, and to consider evidence detracting from the decision as well
20  as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999);
21  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Where the evidence is susceptible
22  to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's
23  conclusion must be upheld." Thomas, 278 F.3d at 954 (citing  Morgan v. Commissioner of
24  Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

26  Plaintiff contends the ALJ erred in (1) evaluating the severity of plaintiff's mental
27  impairment and whether his combined impairments met or equaled  listing 14.08 for Human
28  Immunodeficiency Virus; (2) evaluating the credibility of plaintiff's subjective complaints; (3)

1  weighing plaintiff's treating source opinions, specifically those of treating physician Dr. Mills;
2  (4) giving controlling weight to the opinions of the non-examining state agency physicians; and
3  (5) relying upon the vocational expert's testimony to find plaintiff not disabled, because the
4  hypothetical questions posed to the vocational expert did not include all of the limitations
5  supported by the record.  [See JS 8-30].

6       Defendant concedes that the ALJ committed reversible error with respect to each of the
7  five issues raised by plaintiff.  Defendant requests a remand to permit further factual
8  development and issuance of a new decision.  Plaintiff, on the other hand, contends that the
9  record is adequately developed, and that ALJ's errors require an order remanding this case for
10 the payment of benefits.  Thus, the only genuine dispute in this case concerns the proper
11 remedy for the ALJ's errors.

12      The choice whether to reverse and remand for further administrative proceedings, or to
13 reverse and simply award benefits, is within the discretion of the court.  See Harman v. Apfel,
14 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand
15 for further proceedings or payment of benefits is discretionary and is subject to review for abuse
16 of discretion), cert. denied, 531 U.S.  1038 (2000). The Ninth Circuit has adopted the
17 following test, known as the "Smolen test," to determine whether evidence should be credited
18 and the case remanded for an award of benefits:

19     (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
20     evidence, (2) there are no outstanding issues that must be resolved before a
21     determination of disability can be made, and (3) it is clear from the record that
22     the ALJ would be required to find the claimant disabled were such evidence
23     credited.

24 Harman, 211 F.3d at 1178 (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)).
25 Where the test is satisfied with respect to the evidence in question, "then remand for
26 determination and payment of benefits is warranted regardless of whether the ALJ might have
27 articulated a justification for rejecting" that evidence.  Harman, 211 F.3d at 1179; Varney v.
28 Secretary of Health & Human Services, 859 F.2d 1396, 1400-1401 (9th Cir. 1988).

1       With respect to the first issue raised by plaintiff – whether the ALJ properly evaluated
2  the nature and severity of plaintiff's mental impairment and whether his condition met or
3  equaled section 14.08 of the listing – defendant acknowledges that the record contains some
4  evidence of a severe mental impairment, but she argues that the record also "suggests" that
5  plaintiff's mental impairment "may not be disabling at steps 3 through 5." [JS 12].  Defendant
6  argues that further administrative proceedings could remedy the defects in the ALJ's decision
7  by permitting the ALJ to update the record and to proceed with a proper application of the
8  sequential evaluation procedure.  [JS 11, 13].

9       If the mere possibility that an ALJ could do a better job the second time around were
10 enough to warrant a remand for further proceedings, the <u>Smolen</u> test would be superfluous and
11 unnecessary.  It is undisputed that the ALJ erroneously rejected treating and examining source
12 reports (including the results of about a dozen psychological tests) indicating that plaintiff had
13 marked impairments in social functioning and memory.  Defendant does not adequately explain
14 why that evidence is insufficient to satisfy the listing criteria at step three or to show that
15 plaintiff is disabled at step five, as plaintiff contends.

16      Similarly, defendant does not explain how the record before the ALJ was inadequately
17 developed with respect to the remaining four issues identified by plaintiff, or  how a remand
18 for further administrative proceedings would remedy those specific defects in the ALJ's decision.
19 [<u>See</u> JS 13, 20, 24, 27, 29]. For example, the ALJ failed to articulate legally insufficient reasons
20 for rejecting the opinions of plaintiff's treating physician, Dr. Mills.  Plaintiff saw Dr. Mills
21 frequently for treatment of his AIDS and other chronic conditions beginning in 2002, after the
22 retirement of his longtime treating physician, Dr. Kraus (whose treatment reports from 1990
23 through 2002 are included in the record along with those of Dr. Mills). [<u>See</u> AR 156-420, 435-
24 438, 440-444, 445-498].  Dr. Mills opined that plaintiff had impairments and functional
25 limitations from AIDS and his other chronic conditions which, if credited, would show that
26 plaintiff is disabled. [<u>See</u> AR 436-447].  There is no conflicting treating or examining source
27 opinion in the record on which the ALJ permissibly might have relied to discredit Dr. Mills's
28 conclusions.

Similarly, plaintiff's hearing testimony, if believed, shows that his impairments prevent him from tolerating a sustained work routine at any exertional level. The ALJ articulated only one reason for rejecting the alleged severity of plaintiff's subject complaints, and the reason he gave (inconsistency between plaintiff's hearing testimony about his daily activities and plaintiff's prior testimony) is not legitimate because the only evidence cited to support it is the report of a non-examining state agency physician. [See AR 18 (citing AR 422)].

The Commissioner argues, in substance, that the erroneously discredited evidence should not be credited as true because a speculative possibility exists that the ALJ might be able to uncover or develop conflicting evidence on remand. This court has "some flexibility" in applying the general rule that testimony rejected for insufficient reasons should be credited as true. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The crediting-as-true rule is applied within the framework of the Smolen test, which asks whether there are outstanding issues that must be resolved before a determination of disability can be made and whether the ALJ would be required to find the claimant disabled if such evidence were credited. See Harman, 211 F.3d at 1179. In Connett, for example, the Ninth Circuit remanded for reconsideration of a flawed credibility determination where the district court (but not the ALJ) made specific credibility findings based on the existing record which, if made by the ALJ on remand, "might be adequate" to support the ALJ's rejection of the claimant's subjective complaints. See Connett, 340 F.3d at 874-876. In another case, the Ninth Circuit applied the Smolen remand test to hold that even though the ALJ erred in rejecting the treating source opinions and the hearing testimony, several "outstanding issues" remained to be resolved, including the timing and duration of any disability, whether the ALJ "must credit her testimony as true," and whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record. Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003).

Defendant has not identified specific, material gaps, inconsistencies, or other defects in the record or in the ALJ's decision that are amenable to correction with further factual development or a revised decision. The record contains medical evidence covering more than

a decade. It includes treating source opinions and a consultative neuropsychological examination report with psychological test results. The record in this case also includes testimony from a vocational expert, who opined that a hypothetical person who had plaintiff's vocational profile and all of the limitations supported by the record, including limitations set forth in Dr. Mills's reports and plaintiff's hearing testimony, could not perform plaintiff's past work or alternative work. [See AR 58-59]. Defendant has conceded that the ALJ erred in evaluating the medical evidence and testimony. There is no reason to conclude that the record is not fully and fairly developed, and there are no outstanding issues that remain to be resolved before a disability determination can be rendered.

## Conclusion

The Commissioner's decision is **reversed**, and the case is remanded for an award of benefits.

**IT IS SO ORDERED.**

DATED: April 24, 2006

/s/
ANDREW J. WISTRICH
United States Magistrate Judge