UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWARD R. BLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CV 04-10299 AJW |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | ORDER GRANTING PETITION |
| COMMISSIONER OF SOCIAL ) | FOR EAJA FEES |
| SECURITY ADMINISTRATION[1], ) | 28 U.S.C. § 2412 |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is plaintiff's amended petition for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Fee Pet."), filed on July 21, 2006. Defendant filed an opposition to the motion ("Opposition") on August 17, 2006, and plaintiff filed a reply ("Plaintiff's Reply") to the opposition on August 25, 2006. Defendant filed a supplemental memorandum on September 18, 2006 ("Defendants' Supp. Mem."), and plaintiff filed a supplemental reply. ("Plaintiff's Supp. Reply").

**Proceedings**

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits. On April 24, 2006, judgment was entered remanding the case

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

for an award of benefits.

**Discussion**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). The government has the burden of proving that its position was substantially justified. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996). Substantial justification means that the Commissioner's position must have a reasonable basis in law and in fact. Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998). The government must show that its position is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." Corbin, 149 F.3d at 1053 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The government's position must be substantially justified at each stage in the proceedings. Corbin, 149 F.3d at 1053 (citing Flores v. Shalala, 49 F.3d 562, 569-571 (9th Cir. 1995)).

Plaintiff seeks EAJA fees for 60.75 hours of attorneys' time litigating this case, including this EAJA fee petition, at the adjusted statutory rate of $162.60 per hour.[2] The government does not contend that its position was substantially justified, nor is the amount of the adjusted statutory hourly rate contested. The Commissioner contends, however, that the number of hours claimed by plaintiff's two attorneys, David F. Traver and Joel D. Leidner,[3] is unreasonable on the ground that some of the hours expended were excessive, redundant, or involved the performance of non-legal tasks. [Opposition 2-10].

---

[2] Hours spent litigating EAJA fees are compensable under the EAJA. See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163-166 (1990). However, there is an inconsistency in the amount claimed by plaintiff's attorneys for preparing plaintiff's reply. In the reply, which was signed by both counsel, that amount is given as 4.7 hours. [Plaintiff's Reply 16-17]. In plaintiff's supplemental reply, however, an additional 2.3 hours is claimed for preparation of that document, along with 1 hour for the supplemental reply. [Suppl. Reply 6]. The inconsistent amount claimed in the supplemental reply has been disregarded, and the fee petition is construed as seeking 5.7 hours in total for preparation of the reply and the supplemental reply.

[3] Plaintiff, a California resident, hired as his attorney David F. Traver, a Wisconsin attorney who maintains a social security disability law website and is the author of Social Security Disability Advocate's Handbook (2005). Mr. Traver associated with Joel Leidner as local counsel pursuant to C. D. Cal. Local Rule 83-2.3.3. [Plaintiff's Reply 2, 11].

**Reasonableness of the number of hours claimed**

The party seeking to recover fees bears the burden of establishing entitlement to a fee award, "should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001).

The Commissioner contends that plaintiff's attorneys improperly billed their time for performing purely clerical tasks that are not compensable under the EAJA. A plaintiff may not recover attorney's fees or costs under the EAJA for purely clerical or secretarial work, whether that work was performed by an attorney or the attorney's staff. See Missouri v. Jenkins, 491 U.S. 274, 288 (1989)("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (holding that prevailing party may recover attorney's fees and paralegal fees only for work which an attorney traditionally performs), aff'd, 496 U.S. 154 (1990); Mobley v. Apfel, 104 F. Supp.2d 1357, 1360 (M.D. Fla. 2000) (holding that clerical tasks are not compensable under the EAJA at any rate because they are overhead costs); Bielec v. Bowen, 675 F. Supp. 200, 204 (D.N.J.1987) (stating that "[w]ork that could have been done by support staff is not eligible for compensation under the EAJA").

Plaintiff's attorneys reasonably expended time keeping-up-date on the status of this case on PACER. [Opposition 4]. On the other hand, time spent on purely clerical, non-legal tasks, such as mailing documents, receiving documents in the mail, forwarding correspondence, and placing matters on an office calendar, are not compensable under the EAJA. For this reason, 1 hour will be deducted from the hours for which EAJA fees are recoverable.

The Commissioner also contends that after Mr. Traver spent 15.9 hours drafting a detailed settlement proposal, it was unnecessary for plaintiff's attorneys to spend an additional 8.7 hours drafting plaintiff's initial portion of the Joint Stipulation and some 13 hours on the reply. The Joint Stipulation incorporated facts and argument from the settlement proposal concerning the five issues plaintiff raised, but it required

the use of a prescribed format, and it included additional factual material, citations to authority, and argument. Plaintiff's attorneys both have sworn to the number of hours they expended in preparing the Joint Stipulation. See Kyser v. Apfel, 81 F.Supp.2d 645, 647-648 (W.D. Va. 2000) (holding that the defendant should not be permitted "to hypothesize the appropriate length of time for researching and drafting" where plaintiff's counsel had submitted a sworn declaration in support of the hours claimed); Stewart v. Sullivan, 810 F.Supp. 1102, 1107 (D. Hawai'i 1993) ("Absent any evidence of obvious 'padding' of hours that would lead the court to doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application."). The involvement of two attorneys in separate practices located in different states undoubtedly means that somewhat more time was spent on this case than if it had been handled by a single attorney or a single firm. As set forth in the fee petition and supporting declarations, both attorneys were obliged to familiarize themselves with the procedural history and facts of the case, to review each other's work and make changes or additions they deemed necessary, and to confer about matters that otherwise would have been handled without consultation. Perhaps their collaboration even entailed some work that ultimately could be considered duplicative because of imperfect communication or coordination of effort between the two attorneys. The additional hours necessitated by the need for collaboration and consultation are not unreasonable simply because a single lawyer might have been able to bill fewer hours for litigating this case.

There is no merit to the Commissioner's suggestion that plaintiff's attorneys "could have anticipated" the Commissioner's litigation position based on the settlement discussions and reduced the hours they expended on the Joint Stipulation accordingly. A party is not bound by his or her position in settlement discussions. When they were preparing the initial portion of the Joint Stipulation, plaintiff's attorneys could not assume that the Commissioner would concede error with respect to every issue they raised, leaving the choice of remedy as the only contested issue. Plaintiff's attorneys did not know that pivotal fact until it came time to draft the reply. Given the stakes for their client, they then had a duty to zealously marshal the facts and arguments in favor of a remand for the payment of benefits rather than a remand for further proceedings, and they did so successfully. It is ironic that the Commissioner asks the court to find that plaintiff's attorneys' spent unnecessary time briefing the issues in the Joint Stipulation

1 when the Commissioner either was defending a decision she already had concluded could not be defended
2 on the merits, or she was intending to mount a substantive defense but was persuaded to abandon that effort
3 by plaintiff's persusaive briefing.  Moreover, as plaintiff also points out, the issues in the Joint Stipulation
4 are argued for the benefit of the court, which is not bound to accept either party's view of the merits.

5       Another reason for the relatively high number of hours expended by plaintiff's attorneys is that
6 defendant's counsel did not comply with the briefing schedule set forth in the Case Management Order, did
7 not promptly respond to ensuing inquiries from plaintiff's attorneys, and did not request an additional
8 extension of time.  Consequently, plaintiff's attorneys filed a motion for a status conference, which was
9 granted by the issuance of an order to show cause.  When defendant did not timely respond to the show
10 cause order, plaintiff's attorneys filed a motion for judgment on the pleadings, which was withdrawn after
11 defendant finally filed her portion of the Joint Stipulation. [See Motions filed February 15, 2006 and March
12 2, 2006; Order filed February 17, 2006].

13       With the exception of one hour deducted for clerical tasks, the remaining 59.75 hours expended by
14 plaintiff's attorneys litigating this case were reasonable. Plaintiff's attorneys have requested that the court
15 consider awarding EAJA fees at the market rate pursuant to 28 U.S.C. § 2412(b) for "bad faith" by
16 defendant. [Plaintiff's Reply 15-17]. See Barry v. Bowen, 825 F.2d 1324, 1333-1334 (9th Cir.
17 1987)(discussing an award of "bad faith" attorneys' fees under section 2412(b) of the EAJA), abrogated on
18 other grounds, Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (1992). Because defendant's
19 conduct did not rise to the level of "vexatious, wanton, or oppressive conduct," that request is denied. See
20 Barry, 825 F.2d at 1334.

21 ///
22 ///
23 ///

**Conclusion**

5

1     For the reasons discussed above, plaintiff's petition for EAJA fees is **granted** in the amount of nine thousand, seven hundred fifteen dollars and thirty-five cents ($9,715.35) for 59.75 hours of attorneys' time at the adjusted statutory hourly rate of $162.60.

**IT IS SO ORDERED.**

DATED: March 1, 2007                          / S /

                                                 _____
                                                 ANDREW J. WISTRICH
                                                 United States Magistrate Judge